# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

PHOENIX PETROLEUM, LLC,

    Plaintiff,

v.                                      Case No: 5:15-cv-634-Oc-30PRL

DIAMOND OIL, LLC, RELIANCE
PETROLEUM, LLC, RELIANCE
PETROLEUM HOLDINGS, LLC, and
BHARAT P. PATEL,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion for Stay. (Doc. 15). Plaintiff did not file a response.[1] The Court, having considered the motion, and being otherwise fully advised in the premises concludes that Defendants' motion should be granted.

## BACKGROUND

Plaintiff initiated this action against Defendants on December 10, 2015, alleging claims for breach of contract, open account, account stated, quantum meruit, and fraud.[2]

---

[1] When Plaintiff did not file a response within the requisite time period, the Court issued an order to show cause directing Plaintiff to respond to the motion or otherwise demonstrate why the motion should not be considered unopposed. (Doc. 16). Plaintiff's counsel filed a response to the order to show cause indicating that the Court should consider the motion without the benefit of a response from Plaintiff. (Doc. 21).

[2] Plaintiff originally filed an action against Defendants in *Phoenix Petroleum, LLC v. Diamond Oil, LLC*, 5:14-cv-548-Oc-30PRL (M.D. Fla. 2014). The case was dismissed without prejudice for lack of prosecution. (Doc. 21).

(Doc. 1). Previously, on October 9, 2014, Defendant Reliance Petroleum, LLC, initiated an action against Plaintiff in the Fifth Judicial Circuit in and for Marion County, Florida, alleging claims for breach of contract and overpaid accounts. (Doc. 15, Ex. A). Plaintiff filed an answer and counterclaim in the state court action, raising claims similar to the claims at issue in the present case. (*Id.*, Ex. B). Defendants currently request that the Court stay the present case pending the outcome of the state court action. (*Id.*).

## DISCUSSION

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). Nevertheless, while stressing the federal courts' "virtually unflagging obligation . . . to exercise the jurisdiction given them," the Supreme Court has also recognized that, based on considerations pertaining to wise judicial administration, a district court may defer to a parallel state proceeding if "exceptional circumstances" exist which clearly justify abstention. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 817-18 (1976). The principles of this doctrine "rest on considerations of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 817 (internal quotation marks omitted).

The first step in determining whether the *Colorado River* doctrine applies is to decide whether the concurrent state and federal cases are in fact parallel cases. Proceedings need not involve identical parties, issues, and requests for relief in order to be deemed parallel. *Ambrosia Coal & Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1329 (11th Cir. 2004). Rather, the "*Colorado River* analysis is applicable as a threshold matter when

2

federal and state proceedings involve substantially the same parties and substantially the same issues." *Id.* at 1330. If the two cases are not parallel, the *Colorado River* doctrine does not apply. *See AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001). "[A]ny doubt regarding the parallel nature of the [state court] suit should be resolved in favor of exercising jurisdiction." *Id.* at 520.

Here, Plaintiff has demonstrated that the pending state court action and the present action are parallel cases such that the *Colorado River* doctrine should apply. (*Compare* Doc. 1; *with* Doc. 15, Exs. A, B). Because the actions are parallel, the Court moves to the second step of the *Colorado River* analysis—determining whether Defendants have demonstrated "exceptional circumstances" justifying abstention. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 18 (1983).

The relevant *Colorado River* considerations include: (1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties. *TranSouth Fin. Corp. v. Bell*, 149 F.3d 1292, 1294-95 (11th Cir. 1998) (summarizing the factors set forth in *Colorado River* and *Moses H. Cone Mem'l Hosp.*). The decision to dismiss or stay "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 16.

In the present case, the desire to avoid piecemeal or duplicative litigation and the progress in the state court action weigh heavily in favor of abstention, while the relative inconvenience of the fora weigh slightly against abstention. The remaining factors are neutral. In balancing the factors, the Court concludes that they weigh in favor of abstention.

## CONCLUSION

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Defendants' Motion for Stay (Doc. 15) is GRANTED.

2. This matter is STAYED.

3. The Clerk is directed to administratively close this case pending further order of the Court.

4. The parties are directed to file a status report with this Court on May 26, 2016, and every ninety (90) days thereafter advising the Court of the status of the underlying state court action.

**DONE** and **ORDERED** in Tampa, Florida, this 29th day of February, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record